GUST ROSENFELD P.L.C.
201 East Washington Street, Suite 800
Phoenix, Arizona 85004-2327
Telephone No. 602.257.7954
Facsimile No. 602.340.1538
Jeremy M. Goodman – 025859
jgoodman@gustlaw.com

Attorneys for Pamela Lane, Personal
    Representative of the Estate of
    Dorothy Metzger

AIKEN SCHENK HAWKINS & RICCIARDI P.C.
4742 N. 24th St., Suite 100
Phoenix, Arizona 85016
Telephone No. 602.248.8203
Facsimile No. 602.248.8840
D. Lamar Hawkins – 013251
dlh@ashrlaw.com
Christopher R. Chicoine – 025260
crc@ashrlaw.com

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TIMOTHY J. BOWMAN AND LEANNE C. BOWMAN,<br><br>    Debtors.<br><br>PAMELA LANE, PERSONAL REPRESENTATIVE OF THE ESTATE OF DOROTHY METZGER,<br><br>    Movant,<br><br>v.<br><br>TIMOTHY J. BOWMAN AND LEANNE C. BOWMAN,<br><br>    Respondents. | Case No. 2:09-bk-12983-RTBP<br><br>(Chapter 11) |

## STIPULATED MOTION FOR RELIEF FROM THE AUTOMATIC STAY REGARDING REAL PROPERTY LOCATED IN YAVAPAI COUNTY, ARIZONA

Pamela Lane, Personal Representative of the Estate of Dorothy Metzger ("Movant"), a secured creditor and party-in-interest, and Debtors Timothy J. Bowman and Leanne C. Bowman (the "Bowmans"), file this Stipulated Motion for Relief From the

Automatic Stay Regarding Real Property Located in Yavapai County, Arizona (the "Motion") under 11 U.S.C. § 362. The Parties seek an order granting Movant relief from the automatic stay of 11 U.S.C. § 362(a) to permit Movant to immediately exercise all of its available rights and remedies including, without limitation, foreclosure of its properly-perfected and first-priority lien on and security interest in certain real property more particularly described below by way of judicial foreclosure proceedings, by exercise of the power of sale, or by accepting a deed in lieu of foreclosure, and to obtain immediate possession of the real property.

The grounds for this Motion are that there is no equity in the real property, and the real property is not necessary to an effective reorganization of the Bowmans. Moreover, Movant is not adequately protected and the Bowmans are delinquent in making the payments due to Movant under the Loan and Security Documents as defined below.

This Motion is supported by the attached Memorandum of Points and Authorities, together with all matters of record and such other evidence as may be presented by the Parties at any final hearing on the Motion. The Parties respectfully reserve the right to supplement the record to include, among other things, all responses by the Parties to any discovery and any appraisal of the Property.

DATED September 11, 2009.

| GUST ROSENFELD P.L.C. | AIKEN SCHENK HAWKINS & RICCIARDI |
|---|---|
| By/s/ *Jeremy M. Goodman* - 025859<br>Jeremy M. Goodman<br>Attorneys for the Movant | By/s/ *D. Lamar Hawkins* - 013251<br>D. Lamar Hawkins<br>Christopher R. Chicoine<br>Attorneys for the Bowmans |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND.

### The Loan and Security Interest.

On June 11, 2009 (the "Petition Date"), the Bowmans filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. The Bowmans remain in possession and control of their assets and are debtors-in-possession under 11 U.S.C. §§ 1107(a) and 1108.

On or about May 30, 2006, the Bowmans executed a Note Secured by Deed of Trust (the "Note") in the original amount of $86,000.00. The Note provided for monthly payments of principal and interest at the rate of 8.0% per annum until June 1, 2009, at which time the entire loan balance was due and payable. A true, correct, and complete copy of the Note is attached as Exhibit A.

On or about May 30, 2006, the Bowmans executed a Deed of Trust and Assignment of Rents (the "Deed of Trust") in favor of Movant, for certain real property more particularly described in the Deed of Trust (the "Property"). Movant recorded the Deed of Trust on June 12, 2006, in the Official Records of Yavapai County, Arizona. A true, correct, and recorded copy of the Deed of Trust is attached hereto as Exhibit B. The Note and the Deed of Trust are referred to collectively as the "Loan and Security Documents." Movant therefore has a properly-perfected and first-priority lien on and security interest in the Property.

### The Defaults.

The Bowmans have materially defaulted under the Loan and Security Documents for, among other reasons, failing to pay the amounts due under the Note. The Note has fully matured. Movant may incur additional costs, expenses and attorneys' fees before this matter is concluded, which it is entitled to collect under the Loan and Security Documents.

II. ANALYSIS.

    A.    Movant is Entitled to Relief from the Automatic Stay for Cause Under 11 U.S.C. § 362(d)(1).

Bankruptcy courts are permitted to grant relief from the automatic stay "for cause" under 11 U.S.C. § 362(d)(1). 11 U.S.C. § 362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay...such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause . . . ." Cause, however, is not limited to the enumerated factors, but may be any factor which the Bankruptcy Court determines cause for granting relief from the automatic stay. Thus, cause is determined on a case-by-case basis, considering the particular facts and circumstances. *In re Universal Life Church, Inc.*, 127 B.R. 453, 455 (E.D.Cal. 1991) *aff'd*, 965 F.2d 777 (9th Cir. 1992); *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985).

The Bowmans' failure to perform under the Loan and Security Documents has put Movant's interests in the Property at significant risk, especially considering their continued inability to provide adequate protection of Movant's interest in the Property. The Bowmans' lack of equity further exacerbates this issue.

    B.    Movant Is Entitled to Relief from the Automatic Stay Under 11 U.S.C. § 362(d)(2).

It is well settled that, in determining whether equity in collateral exists, all liens and encumbrances, including all costs of foreclosure, attorney fees, brokerage, escrow and title costs are totaled. *Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir. 1984). The aggregate encumbrances against the Property, including all principal, accrued and accruing interest, costs, fees and expenses, are believed to far exceed the current fair market value of the Property, especially in the current economic climate. Therefore, there is no equity in the Property for the Bowmans or their bankruptcy estate. Further, the Bowmans stipulate that the Property is not necessary or essential to their effective reorganization. Accordingly, the automatic stay of 11

U.S.C. § 362(a) should be lifted under 11 U.S.C. § 362(d)(2) as there is no equity in the Property and the Property is not necessary or essential to the Bowmans' effective reorganization.

III. CONCLUSION.

For all the foregoing reasons, the Parties respectfully urge the Court to grant Movant relief from the automatic stay under both 11 U.S.C. § 362(d)(1) and (d)(2) and waive the 10-day stay of Rule 4001(a)(3), *Fed.R.Bankr.P.*, to permit Movant to exercise all of its available rights and remedies with respect to the Property including, without limitation, foreclosure of its properly-perfected and first-priority lien on and security interest in the Property, by way of judicial foreclosure proceedings, by exercise of the power of sale, or by accepting a deed in lieu of foreclosure, and to obtain immediate possession of the Property.

Upon approval of this Motion by the Court, the Parties stipulate that the Bowmans will file a Chapter 11 Plan of Reorganization (the "Plan") which will incorporate the terms of the Stipulated Order and, accordingly, the treatment afforded to Movant herein shall also constitute the treatment of its claim under the Plan. Any deficiency balance remaining on Movant's allowed secured claim following a trustee sale shall be treated as a general unsecured claim under the Plan. The Movant stipulates that Movant's agreement herein shall also constitute its acceptance of the Plan.

RESPECTFULLY SUBMITTED September 11, 2009.

GUST ROSENFELD P.L.C.                    AIKEN SCHENK HAWKINS & RICCIARDI

By /s/ *Jeremy M. Goodman* - 025859      By /s/ *D. Lamar Hawkins* - 013251
    Jeremy M. Goodman                         D. Lamar Hawkins
    Attorneys for the Movant                  Christopher R. Chicoine
                                              Attorneys for the Bowmans

| | |
|---|---|
| 1 | |
| 2 | ORIGINAL of the foregoing electronically filed September 11, 2009, with: |
| 3 | United States Bankruptcy Court<br>District of Arizona |
| 4 | 230 North First Avenue<br>Suite 101 |
| 5 | Phoenix, Arizona 85003-1706<br>https://ecf.azb.uscourts.gov |
| 6 | |
| 7 | By: /s/ *Colette Averill* |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |


EXHIBIT A

# NOTE SECURED BY DEED OF TRUST
(Installment - INTEREST INCLUDED)

29060291 - 029 LJY

$86,000.00  Prescott, Arizona  Date: May 30, 2006

In installments as herein stated, for value received, we (I) promise to pay to Dorothy A. Metzger, an unmarried woman or order, at Chicago Title Insurance Company 914 E. Gurley Street, Suite 100, Prescott, Arizona 86301, or as designated by holder, the sum of EIGHTY SIX THOUSAND DOLLARS,

PAYABLE: with interest from ___June 12, 2006___, on unpaid principal at the rate of 8.00 percent per annum; principal and interest payable in installments of Eight Hundred Twenty One and 86/100 DOLLARS or more on or before the __12th__ day of each month beginning on or before, the __12th__ day of __July__, 2006.

PROVIDED, HOWEVER, that if not sooner paid, the entire balance of principal and accrued interest shall be fully due and payable on or before June 1, 2009.

Any installment not received by the account servicing agent within 14 days of the installment due date shall be assessed a late penalty in an amount equal to $25.00.

If any balloon payment is late, then the late fee per day will be $5.00 per day.

If payment(s) are at least 30 calendar days past due, then the principal balance shall bear interest at a default rate of 5.00% over the interest rate as herein stated. Said default rate shall begin on the 31st day following the due date of the late payment and shall so continue until payment(s) are brought current. It is the responsibility of the Beneficiary of the Note to notify the Account Servicing Agent that a default has occurred and to begin the default rate.

Should the trustor (payor) or their successors in interest, without the consent of the beneficiary (payee), in writing sell, transfer or convey, or permit to be sold, transferred or conveyed, their interest in the property, or any part thereof, then the beneficiary may declare all sums secured hereby immediately due and payable. Consent to one such transaction shall not be deemed a waiver of the right to require such consent to future or successive transactions.

Each payment shall be credited first on interest then due and the remainder on principal, and interest shall thereupon cease upon the principal so credited. Should interest not be so paid, it shall thereafter bear like interest as the principal, but such unpaid interest so compounded shall not exceed an amount equal to simple interest on the unpaid principal at the maximum rate permitted by law.

Payment shall be considered received upon receipt of same by Loan Servicing agent, if any, or Payee if paid direct. Should default be made in payment of any installment when due, the whole sum of the principal and interest shall become immediately due at the option of the holder of this Note.

Principal and interest payable in lawful money of the United States.

The makers and endorsers hereof waive grace, presentment, demand, notice of dishonor and protest.

If suit be brought to recover on this note, the undersigned agrees to pay such sum as the Court may fix as attorney's fees.

This Note is secured by a Deed of Trust to Chicago Title Insurance Company, a Missouri corporation, as trustee.

ACCEPTED AND APPROVED:

_____  _____
Timothy J. Bowman           LeAnne Gusenius Bowman

## DO NOT DESTROY THIS NOTE

Do Not Destroy this Original Note: When paid, this Original Note together with the Deed of Trust securing same, must be surrendered to Trustee for Cancellation and retention before reconveyance will be made.

NOTEII 8/30/99 CG



Recorded at the request of:
Chicago Title Insurance Company

when recorded mail to:
Chicago Title Insurance Company

FOLDER

Ana Wayman-Trujillo, Recorder  B-4405 P-861
OFFICIAL RECORDS OF YAVAPAI COUNTY  06/12/2006 04:29P
CHICAGO TITLE INS CO      DOT       13.00  4023605



B-4405 P-861
Page: 1 of 4
DOT        4023605

Order No.: 29060291-029-LJY

# DEED OF TRUST AND ASSIGNMENT OF RENTS

Date: May 30, 2006

**TRUSTOR:** Timothy J. Bowman and LeAnne Gusenius Bowman, husband and wife as joint tenants with right of survivorship

whose mailing address is **P.O. Box 26401, Prescott Valley, AZ 86312**

**TRUSTEE:** Chicago Title Insurance Company, a Missouri Corporation

whose mailing address is: **914 E. Gurley Street, Suite 100, Prescott, AZ 86301**

**BENEFICIARY:** Dorothy A. Metzger, an unmarried woman

whose mailing address is **C/O Janet Quinton, 2218 W. Heading Ave, W. Peoria, IL 61604**

Property situate in the County of **Yavapai**, State of Arizona, as described as follows:

See Exhibit A attached hereto and made a part hereof.

Together with all buildings, improvements and fixtures thereon or hereinafter erected thereon.
Street address if any, or identifiable location of this property:

**20927 E. Sierra, Mayer, AZ 86333**

THIS DEED OF TRUST, made on the above date by, between and among the TRUSTOR, TRUSTEE and BENEFICIARY above named.

WITNESSETH: That Trustor hereby irrevocably grants, conveys, transfers and assigns to the Trustee in Trust, with Power of Sale, the above described real property (the Trust Property), together with leases, issues, profits, or income therefrom (all of which are hereinafter called "property income"); SUBJECT, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such property income; AND SUBJECT TO: Current taxes and other assessments, reservations in patents and all easements, rights of way, encumbrances, liens, covenants, conditions, restrictions, obligations, and liabilities as may appear of record.

FOR THE PURPOSE OF SECURING:
A. Payment of the indebtedness in the principal sum of **$86,000.00** evidenced by a Promissory Note or Notes of even date herewith, and any extension or renewal thereof, executed by Trustor in favor of Beneficiary or order.
B. Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a Promissory Note or Notes reciting that they are secured by a Deed of Trust.
C. Performance of each agreement of Trustor herein contained.

**TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:**
1. To keep said property in good condition and repair; not to remove or demolish any building, thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged, or destroyed thereon, and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer, or permit any act upon said property in violations of law; and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

Initials:  
TDEED02 07/29/99 CC



2. To provide, maintain, and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of Trustee's sale hereunder or invalidate any act done pursuant to such notice.

3. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses of Beneficiary and Trustee, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear or be named, and in any suit brought by Beneficiary or Trustee to foreclose this Deed of Trust.

4. To pay, before delinquent, all taxes and assessments affecting said property; when due, all encumbrances, charges, and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees, and expenses of this Trust, including, without limiting the generality of the foregoing, the fees of Trustee for issuance of any Deed of Partial Release and Partial Reconveyance or Deed of Release and full Reconveyance, and all lawful charges, costs, and expenses in the event of reinstatement of, following default in, this Deed of Trust or the obligations secured hereby.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof. Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest, or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel, and pay his reasonable fees.

5. To pay immediately and without demand all sums expended by Beneficiary or Trustee pursuant to the provisions hereof, together with interest from date of expenditure at the same rate as is provided for in the note or notes secured by this Deed of Trust or at the legal rate if it secures a contract or contracts other than a promissory note or notes. Any amounts so paid by Beneficiary or Trustee shall become a part of the debt secured by this Deed of Trust and a lien on said premises or immediately due and payable at option of Beneficiary or Trustee.

**IT IS MUTUALLY AGREED:**

6. That any award of damages in connection with any condemnation or any such taking, or for injury to the property by reason of public use, or for damages for private trespass or injury thereto, is assigned and shall be paid to Beneficiary as further security for all obligations secured hereby (reserving unto the Trustor, however, the right to sue therefor and the ownership thereof subject to this Deed of Trust), and upon receipt of such moneys Beneficiary may hold the same as such further security, or apply or release the same in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

7. That time is of the essence of this Deed of Trust, and that by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

8. That at any time or from time to time, and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said note(s) for endorsement, and without liability therefor, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, and without affecting the security hereof for the full amount secured hereby on all property remaining subject hereto, and without the necessity that any sum representing the value or any portion thereof of the property affected by the Trustee's action be credited on the indebtedness, the Trustee may: (a) release and reconvey all or any part of said property; (b) consent to the making and recording, or either, of any map or plat of the property or any part thereof; (c) join in granting any easement thereon; (d) join in or consent to any extension agreement or any agreement subordinating the lien, encumbrance, or charge hereof.

9. That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and said note(s) to Trustee for cancellation, and upon payment of its fees, Trustee shall release and reconvey, without covenant or warranty, express or implied, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

10. That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power, and authority, during the continuance of this Trust, to collect the property income, reserving to Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such property income as it becomes due and payable. Upon any such default, Beneficiary may at any time, without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such property income, including that past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such property income, and the application thereof as aforesaid, shall not cure or waive any default or notice of Trustee's sale hereunder or invalidate any act done pursuant to such notice.

11. That upon default by Trustor in the payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written notice thereof, setting forth the nature thereof, and of election to cause to be sold said property under this Deed of Trust. Beneficiary also shall deposit with Trustee this deed of Trust, said note(s), and all documents evidencing expenditures secured hereby.

Initials:  
TDEFD02 07/29/99



Trustee shall record and give notice of Trustee's sale in the manner required by law, and after the lapse of such time as may then be required by law, subject to the statutory rights of reinstatement, the Trustee shall sell, in the manner required by law, said property at public auction at the time and place fixed by it in said notice of Trustee's sale to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone or continue the sale by giving notice of postponement or continuance by public declaration at the time and place last appointed for the sale. Trustee shall deliver to such purchaser its Deed conveying the property so sold, but without any covenant or warranty, expressed or implied. Any persons, including Trustor, Trustee, or Beneficiary, may purchase at such sale.

After deducting all costs, fees, and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale and reasonable attorney's fees, Trustee shall apply the proceeds of sale to payment of all sums then secured hereby and all other sums due under the terms hereof, with accrued interest; and the remainder, if any, to the person or persons legally entitled thereto, or as provided in A.R.S. 33-812. To the extent permitted by law, an action may be maintained by Beneficiary to recover a deficiency judgment for any balance due hereunder.

In lieu of sale pursuant to the power of sale conferred hereby, this Deed of Trust may be foreclosed in the same manner provided by law for the foreclosure of mortgages on real property. Beneficiary shall also have all other rights and remedies available him hereunder and at law or in equity. All rights and remedies shall be cumulative.

12. That Beneficiary may appoint a successor Trustee in the manner prescribed by law. A successor Trustee herein shall, without conveyance from the predecessor Trustee, succeed to all the predecessor's title, estate, rights, powers, and duties. Trustee may resign by mailing or delivering notice thereof to Beneficiary and Trustor, by registered or certified mail, and by recordation of a Notice of Resignation of Trustee in the office of the County Recorder in each County in which trust property or some part thereof is situated.

13. That this Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder of the note(s) secured hereby, whether or not named as Beneficiary herein. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and neuter, and the singular number includes the plural.

14. That Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor requests that a copy of any notice of Trustee's sale hereunder be mailed to him at his address hereinbefore set forth.

_____
Timothy J. Bowman

_____
LeAnne Gusenius Bowman

STATE OF ARIZONA } ss
County of Yavapai }

On JUNE 5, 2006, before me, the undersigned Notary Public, personally appeared **Timothy J. Bowman and LeAnne Gusenius Bowman**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed this instrument.

WITNESS my hand and official seal.

Signature _____
Notary Public

OFFICIAL SEAL
LAURIE YEDINAK
Notary Public - State of Arizona
YAVAPAI COUNTY
My Comm. Expires Sept. 11, 2006

TDEED02 07/29/99 CG



## Exhibit A

BEGINNING at the Southeast corner of Lot 2610, said CORDES LAKES UNIT EIGHT; thence North 00°14'40" West, 110.00 feet; thence North 89°45'20" East, 211.92 feet; thence North 10°14'40" West, 110.00 feet; thence North 89°45'20" East, 354.03 feet to a point marking the beginning of a curve to the right having a central angle of 90°25'45" and a radius of 25.00 feet' thence along the arc of said curve 39.46 feet; thence South 00°11'05" West, 170.00 feet to a point marking the beginning of a curve to the right habing a central angle of 89°34'15" and a radius of 25.00 feet; thence along the arc of said curve 39.08 feet; thence South 89°45'20" West, 564.68 feet to the TRUE POINT OF BEGINNING.